

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| MELVIN ROEBUCK, | § |
| | § |
| Petitioner, | § |
| | § |
| v. | § CIVIL ACTION NO. 6:02-3815-HFF-WMC |
| | § |
| WARDEN OF LIEBER and HENRY | § |
| MCMASTER, Attorney General of the State of | § |
| South Carolina, | § |
| | § |
| Respondents. | § |

**ORDER GRANTING SUMMARY JUDGMENT FOR RESPONDENTS**

**I.     INTRODUCTION**

This is *habeas corpus* action filed pursuant to 28 U.S.C. § 2254. Petitioner is represented by Counsel. The Court has jurisdiction over this petition by virtue of 28 U.S.C. § 1331.

Pending before the Court is the Magistrate Judge's Report and Recommendation (Report 2) in which he recommends that Respondents' motion for summary judgment be granted as to the first and second grounds for relief and denied as to the third ground for relief and that the writ of *certiorari* be granted as to the third ground of relief for the limited purpose of allowing Petitioner to pursue a state appeal. For the reasons stated below, the Court will not adopt Report 2 but instead will grant Respondents' motion for summary judgment in its entirety.

**II.      MAGISTRATE'S REPORT**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate or may recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

In the instant case, Magistrate Judge William M. Catoe filed an initial Report and Recommendation (Report 1) on March 31, 2003, in which he recommended that Respondents' motion for summary judgment be granted due to the lapse of the one-year statute of limitations provided by 28 U.S.C. § 2254(d)(1). The Honorable Terry Wooten subsequently rejected Report 1 and recommitted the petition to the Magistrate. Because the Court now finds that Report 1 was proper, it discusses only the conclusions reached in that Report and does not reach the recommendations contained in Report 2.[1]

In Report 1, Magistrate Judge Catoe reported that Petitioner's claims were barred by the applicable one-year statute of limitations. Judge Catoe noted that, while Petitioner's claims were tolled during the pendency of his state post conviction relief (PCR) proceedings, these proceedings

---

[1] The Court exercises its power to reconsider a prior decision pursuant to Fed. R. Civ. P. 54(b) ("order or other form of decision is subject to revision at any time before the entry of judgment"). *See also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 n.14 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."); *American Canoe Ass'n. v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003) ("[A] district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment."); 18B Wright, Miller, Cooper, *Federal Practice & Procedure* § 4478.1 (2d Ed. 2002) (noting that a successor judge retains the power to reconsider the decisions of a prior judge).

did not reset the trigger date for the commencement of the one-year period. Rather, Petitioner's PCR merely resulted in a pause in the counting of days for purposes of the one-year period. Thus, Judge Catoe concluded, the time which elapsed between the termination of Petitioner's direct appeals and the filing of his PCR application must be combined with the time which elapsed from the final denial of the PCR application and the filing of the instant *habeas* petition to determine whether the § 2254(d) statute of limitations bars Petitioner's *habeas* petition. Judge Catoe noted that 141 days elapsed from the date Petitioner's conviction became final (December 2, 1996) and the date Petitioner filed his first PCR application (April 22, 1997) and that 383 days elapsed from the date of the final denial of Petitioner's PCR application (October 25, 2001).[2] Therefore, Judge Catoe concluded that the one-year bar clearly applied.

**III.     DISCUSSION**

In his objections to Report 1, Petitioner failed to address the legal sufficiency of Judge Catoe's recommended finding that the one-year statute of limitations barred his petition. Instead, Petitioner raised only the issue of equitable tolling. As a legal matter, therefore, the Court could accept without discussion Judge Catoe's recommendations with regard to the tolling of the one-year statute of limitations during Petitioner's PCR proceedings. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, because Judge Wooten's order addressed the application of the tolling

---

[2] Judge Catoe also noted that, even if the date of final denial of Petitioner's PCR application were fixed as November 13, 2001, the date the South Carolina Supreme Court's remittitur of Petitioner's PCR application was sent down, rather than October 25, 2001, the date the order issued denying this application, the one-year time period would nonetheless have expired.

3

provisions of § 2254(d)(2) to the one-year statute of limitations, the Court will address that issue as presented in Report 1.

### A.     Statutory Tolling

The federal statute authorizing Petitioner to seek *habeas* relief also provides for a one-year time period in which a *habeas* petition must be brought. 28 U.S.C. § 2254(d)(1). The one-year time period begins to run on, *inter alia*, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at (d)(1)(A). Subsection (2), however, ameliorates the effects of the one-year bar by providing that

> [t]he time during which a properly filed appplication for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2254(d)(2). The question now before the Court is whether this tolling provision resets the time applicable to the commencement of the one-year statute of limitations such that a *habeas* petitioner has one year from the date of the final denial of his PCR application in which to file a federal *habeas* petition or whether the accumulation of time toward satisfaction of the one-year bar merely pauses during the time when a petitioner's PCR application is pending.

Although the United States Court of Appeals for the Fourth Circuit has not directly spoken on this issue, it has implicitly accepted the argument advanced by Respondents here; namely, that the tolling provisions of § 2254(d)(2) do not operate so as to provide a petitioner one year from the date of the final denial of his PCR application in which to file a *habeas* petition. *Rouse v. Lee*, 339 F.3d 238, 243 (4th Cir. 2003) (en banc) ("[T]he entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court. . . is tolled from the limitations period for federal *habeas corpus* petitioners." (citing *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir.

4

1999))); *Minter v. Beck*, 230 F.3d 663, 665-66 (4th Cir. 2000) ("Although the period of time that Minter spent pursuing state post-conviction relief is excluded from the one year limitation period,. . . more than one year had otherwise elapsed[.]"); *Hernandez v. Caldwell*, 225 F.3d 435, 438-39 (4th Cir. 2000) ("Hernandez's MAR. . . tolled the one-year limitations period exactly one day before it was to expire[,][b]ut the clock started running again. . . when the [state supreme court denied certiorari]," and thus Hernandez had one day to spare to file her federal *habeas* petition.) In addition, every circuit court of appeals to consider this issue has held that tolling under § 2254(d)(2) operates only to halt temporarily the accumulation of time toward satisfaction of the one-year statute of limitations. *See Vroman v. Brigano,* 346 F.3d 598 (6th Cir. 2003); *Pearson v. North Carolina*, 130 F. Supp.2d 742, 744 (W.D.N.C. 2001) (collecting cases from 1st, 2d, 5th, 9th, 10th, and 11th Circuits). The Court agrees with the conclusion reached by these sister courts: tolling of the statute of limitations requires only that the days during which a petitioner's PCR application is pending be deducted from the overall time period which begins upon one of the triggering events in § 2254(d)(1) and ends when a petitioner files a federal *habeas* petition.

In the instant case, the Magistrate Judge properly calculated that 141 days elapsed from the date when Petitioner's conviction became final (December 2, 1996) to the date when Petitioner filed his first PCR application (April 22, 1997). From the latter date until October 25, 2001, the statute of limitations applicable to the filing of a federal *habeas* petition was tolled by § 2254(d)(2). Finally, from October 25, 2001 (when the South Carolina Supreme Court denied Petitioner's petition for *certiorari* on his PCR application) until November 12, 2002 (when the present *habeas* petition was filed), 383 days elapsed. Thus, a total of 524 days passed for purposes of the statute of limitations

5

in § 2254(d)(1), meaning that Petitioner is clearly time-barred from filing the petition under consideration here.[3]

### 2.     Equitable Tolling

In his objections to Report 1, Petitioner does not dispute that his claim is time-barred under § 2254(d)(1). Instead, he asks the Court to use equity to toll the one-year statute of limitations which would otherwise have run pursuant to the terms of the statute. In support of this request, Petitioner asserts that both he and his wife repeatedly asked Petitioner's trial lawyer to file an appeal of Petitioner's original conviction but that the attorney neglected to do so.

To prevail on his claim of equitable tolling, Petitioner must show: (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, and (3) that prevented him from filing on time. *Rouse*, 339 F.3d at 246. Petitioner alleges that the neglect of his trial attorney in failing to appeal his conviction after Petitioner and his wife directed him to do so qualifies as an extraordinary circumstance. In *Rouse*, however, the Court of Appeals held that neither attorney error nor ineffective assistance of counsel constitutes an extraordinary circumstance which justifies a court's invocation of equitable tolling. *Id.* at 248-49. The *Rouse* court further held that negligence on the part of an attorney is attributable to the client under principles of agency and, thus, failure to comply with the applicable statute of limitations was not a circumstance external to a petitioner's own conduct. *Id.* at 249-50. The Court finds that the Court of Appeals' holding in *Rouse* clearly forecloses the application of equitable tolling to Petitioner's *habeas* petition.

---

[3] As already noted, even if, as Petitioner asserts, Petitioner's PCR application was finally denied on November 13, 2001, and not October 25, 2001, 505 days would have elapsed for purposes of the one-year statute of limitations, likewise rendering this petition untimely.

## V.     CONCLUSION

Based on the foregoing, and after a thorough review of the record and the relevant law, the Court finds Magistrate Judge Catoe's Report and Recommendation of March 31, 2003, to be proper. Therefore, the Court overrules Petitioner's objections, adopts Report 1, and incorporates it herein to the extent that it does not contradict this Order. Accordingly, Respondents' motion for summary judgment should be, and hereby is, **GRANTED**.

**IT IS SO ORDERED.**

Signed this 19th day of September, 2005, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.